**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-56637 |
| Plaintiff - Appellee, | D.C. Nos. 8:06-cv-00046-DOC |
| | 8:02-cr-00053-DOC |
| v. | |
| GUY CHRISTOPHER BROOKS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Federal prisoner Guy Christopher Brooks appeals pro se from the district court's denial of his 28 U.S.C. § 2255 motion challenging his 2002 jury-trial conviction for bank robbery and his sentence of 210 months imprisonment. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Brooks contends that his trial and appellate counsel rendered ineffective assistance when they failed to challenge the district court's reliance on the Presentence Report ("PSR") to substantiate a 1990 state burglary conviction used as part of the basis for Brooks's "career offender" enhancement under United States Sentencing Guidelines ("U.S.S.G.") sections 4B1.1 and 4B1.2. Brooks does not challenge the PSR's factual accuracy but argues that the PSR was not a judicially noticeable document that the trial court could rely on in imposing a career offender enhancement.

Brooks's contention that the undisputed PSR was insufficient to establish the predicate burglary conviction is foreclosed. *See United States v. Romero-Rendon*, 220 F.3d 1159, 1160, 1161, 1163 (9th Cir. 2000). Accordingly, counsel was not ineffective for failing to raise this argument in the district court or on appeal. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

We construe Brooks's remaining arguments as a motion to expand the certificate of appealability, and we deny the motion, as Brooks has made no substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999); 9th Cir. R. 22-1(e).

**AFFIRMED.**